to 162250, Shinfu Company versus Tire Hanger Corporation. This is a case about the board's failure to address Shinfu's centerpiece argument below against Tire Hanger's motion to amend. Centerpiece? Isn't that a little bit of an exaggeration? Actually, Judge, I take that exact term from the board during oral argument. At appendix 290, lines 1 through 13, the board acknowledged during oral argument that the combination was the centerpiece of Shinfu's argument. Kern and Conrad, in view of Comarita, was timely raised against the substitute claims in the IPR and should be reviewed on appeal. Can I just ask this and tell me, this is my understanding from reading your opposition to the motion to amend, just so that you can correct my understanding of the lay of the land and then figure out what to do about what the legal consequences are. It seems to me, on page 183 or something, in discussing claim 6, you do clearly say Kern-Conrad combination. And then when you do claim 7 and 8 and 9, you have kind of backward-looking references to Conrad and any other reference that we combined. But what you don't do is say, this combination is in any way different from any of the other possible combinations, the ones that the board actually ended up discussing. So what do we do about that? That you never said, focus on this one even if you disagree with us about the other, because there's something special about this combination. I'd start out with... Is that an accurate summary of at least what's in that opposition? I think, at least overall, I think largely it is, Judge, or Your Honor. But I would clarify a couple of things. First of all, there's no requirement that we highlight it. As long as we raise the issue in a manner that notifies the parties in tribunal of the argument and allows them the opportunity to respond, we can raise this issue on appeal. This is set forth in the blue brief at 10 through 11 with authority. Secondly... I guess what I'm having a little hard time with is sort of faulting the board. I'm just not sure what to make of this. When you say... I'm going to make up a number. There are seven combinations. They're pretty much all the same. And the board goes through and discusses six of them, or even one of them, thinking you just said they're all the same, so one is representative. I'm actually, the board says, we're persuaded that the patent owner has actually shown patentability over that combination for the amended claims. And so we don't need to discuss anything more because you've told us they're all the same. Here's where the difference lies. What we did is we took an additive approach. We took an unadorned lift. I'm sorry, I didn't hear what you said. An additive approach. We added things together. We combined them. We took an unadorned lift, and we listed numerous unadorned lifts, and we took a tire hanger. And Curran is the best unadorned lift. That's set forth in our papers. We took the tire hanger of Conrad, and we combined those together based on the teachings of Comarita. What the board has done is the board took Comarita as the primary reference. It took a subtractive approach. They took things away from Comarita. We never took anything away from a prior reference throughout our entire opposition. Our entire opposition only had references being combined together. There were no features or functions being stripped from references. There's not a single combination that the patent owner or the board addressed that's representative of the arguments that we made. And that was our argument was to take an unadorned lift, such as Curran, the tire hanger of Conrad, and combine them together based on the teachings of Comarita. And you use it fairly consistently with the teachings of Comarita, though with some differences in structure due to the structure of Conrad. That was never addressed. If the board had actually addressed a situation where similar references were used in that manner, then we wouldn't be here today. I believe if that were actually reviewed, that this would have been determined differently, but it was not. So that's where the difference lies. There was never an analysis of any sort of representative combination of our argument. The board called this, quote, gutting Comarita's cradle structure in favor of a simpler hanger structure, end quote. That's appendix 24 to 25. Comarita's the one with the cradle or something? Yes, your honor. The board also specifically said, quote, absent any justification for modifying Comarita or Heidel, we're persuaded that tire hanger has carried its burden of demonstrating the patentability of substitute claim six. That's in appendix 26. This is subtractive. They want to modify Comarita or Heidel, and that was absolutely not our argument. Did you challenge any of the board's obviousness conclusions? The primary challenge that we have is that they simply did not address our argument. Did you challenge that to the board? As in a request for rehearing? No, your honor. There was no request for rehearing in this case. Shimfu's arguments would not require tire hanger or the board to have considered every conceivable combination of references, yet the centerpiece argument must be considered. Do you just want to tell me in English? I mean, this just goes to what the amendments are really about in this claim. So rather than a cradle, what does the amended language do or say? What is the new thing added by the amendment? It basically requires a hook or a finger instead of a cradle. And so as I'm understanding it, someone takes the tire and puts it on a hook, and it talks about the opening in the tire and the hook going through the... So that's what we're talking about here? Yes, your honor. If you think of a tire like a donut, it would be going through the center of the donut where the tire, the hook would be to hold the tire in the amended claims. Isn't it conceivable or likely that since this was an amendment and this is something new and different, that that wasn't even in the prior art that was of record because this is just a new additional concept? I mean, it may be the most obvious thing in the world. It may be there's not even any really prior art there because most people know that if you have a hook on a wall and you have a round thing with an opening, you can put it on that. Is that a problem in the way we're proceeding here? That is possible, your honor, but it's really not this case. In this case, Conrad directly addresses a hook that is intended to go through the center of the tire and that is set forth in appendix around 181. And Conrad was of record in this case. So this is not a case in which new art is being raised that is not of record. Did that answer your question?  So I have a fundamental question I'm about to argue. Are you arguing that the board acted outside of its discretion because it failed to address prior combinations that you never brought up or you never specifically addressed? No, your honor. We did specifically bring up the combination of Kern and Conrad in view of Comarita. And what we are faulting the board for is their failure to address that combination. Or a representative combination. There's no analysis in the record of the board taking an unadorned or a plain vehicle lift and adding a tire hanger based on the teachings of Comarita. The APA requires the Patent Office to have articulated its reasons for its decision and that requires the Patent Office to consider and address the evidence and arguments asserted by the parties. This is found in the blue brief at 21 to 22 with authority. Because they failed to address our actual argument and instead got sidetracked on only modifying Comarita. Wanting to take things away from Comarita before they replace them with other things. That's why the board's decision cannot stand. So what now? At the very least, a remand is required in this case under power integrations. But instead of remanding, the court should hold the tire hanger did not and cannot carry its burden to prove that the new claims are patentable. And this is consistent with Proxicon. The tire hanger had the opportunity and the obligation here to address Shinto's centerpiece argument in its reply. This directly parallels the Proxicon case where proposed admitted claims were rejected. In Proxicon, the patent owner there had the opportunity in his reply brief to distinguish its proposed claims from rejection raised in the opposition brief. Which is exactly what happened here. And there, as here, the patent owner simply chose not to do so. To this day, the patent owner has never addressed the combination of Curran and Conrad in view of the teachings of Comarita or any other unadorned lift combined with a tire hanger in view of the teachings of Comarita. It has simply not happened. Without addressing this argument, tire hanger cannot carry its burden proving patentability. And consistent with Proxicon, they would not be entitled to a do-over on remand. Thus, we ask that this court deny that motion to amend. Further, tire hangers already admitted that Curran or a similar lift, Conrad, and Comarita collectively disclose all elements of Claim 6. This is at Appendix 15 and 20 to 21. Tire hangers simply ignored the combination of references. Instead, addressing them individually or by taking things, gutting Comarita, and ignoring Curran. You're into your rebuttal, so why don't we hear from the other side. Your Honor, may I take just another minute? Sure, it's your time. Even if the burden is moved to Shinfu to prove invalidity of the substitute claims, these new claims should be rejected. The board's already accepted tire hangers' acknowledgement that when viewed individually, the steps recited by Substitute Claim 6 were known. That's Appendix 20. The only missing element in the board's analysis is motivation to combine, and that's found in Comarita.  And the board has already found, quote, the prior art recognized temporarily placing the wheel of a vehicle on a support arm affixed to an automotive hoist at about the same height as the elevated vehicle. That's Appendix 15. In doing so, it quoted Comarita, saying, the wheel that's removed from the vehicle can easily be held by the tire hanger and the wheel will not be placed on the floor. That's Appendix 12. Thus, no new factual findings are necessary for this court to rule that the new claims are obvious. In conclusion, Shinfu properly raised the combination of Kern and Conrad as taught by Comarita below. Tire hanger and the board both failed to address this combination, and the board's factual findings can only lead to a determination that the new claims are unpatentable as obvious. Thus, Shinfu respectfully requests that the court overturn the board's decision regarding Claims 6-10 and preclude entry of Claims 6-10 into the 897 patent. Thank you. Okay, we've got split time here. We're going to run your clock individually at 10 so you can keep track of your time. All right, thank you, Your Honor. May it please the court, this is John Van Loven-Sells, excuse me, for Tire Hanger. I want to start by addressing one of Judge Reina's questions, and that was focused on the idea that this combination, or Judge Toronto, I think your question as well, was whether this combination was really the primary argument of Shinfu below, and I think any reasonable reading of the record shows that it was not. Well, it doesn't have to be primary, right? It just has to be an argument that they made. It doesn't have to be primary, right? Well, I think in order for it to be error for the PTAB to have failed to address it specifically in the written decision, I think it can't just appear somewhere in the papers, that it can't be a secondary argument that is buried within their arguments as it was. And the reason that it was notable to the PTAB in trial was because the focus on this specific combination was not in their papers. It was not in the opposition to the motion to amend, or it appeared once, rather, in the opposition to the motion to amend and was not mentioned at all in the petition. Where, in contrast, in the appeal papers, they knew how to make reference to it when they wanted to make it, and certainly did so. By our account, they made reference to it. Does that constitute any type of waiver of the argument? Well, we believe it does. We believe it does constitute a waiver because they did not call out to the PTAB that this is an argument that the PTAB must address in its final written decision, and by failing to expressly do so, it's reversible error. Now, we believe that the PTAB… Wait, reversible error? You don't mean it's reversible error? We do not believe it's reversible error for the PTAB to have failed to address specifically this combination because it is essentially buried within their opposition papers. Because what the PTAB judges did do, and what they recognized, was that Curran… Is there an obligation for the PTAB to make some sort of reference? They did, actually. How detailed should that reference be? I'm sorry? How detailed should that reference be? Well, in this case, they recognized that Curran really adds nothing substantively to the patentability question here. Curran is simply a hoist, and the hoist, a hoist as such, appears in the other references that it does deal with in combination with Conrad, so Heidel and Camarita. Those both have hoists, too. So Curran adds nothing to it. Where are you referring to in their opinion? That I don't have in my papers, but I believe that the PTO made reference to it in their papers, and so my co-counsel will pick that up, hopefully. But our point is that the Curran reference by itself doesn't add anything here. So, essentially, what Xin Fu is arguing is that Tire Hangers, the patentee, as a patent owner, had the obligation to address every conceivable combination of the references that appear anywhere, whether it's in patents of the art of record or in the papers that are presented below, and we don't believe that that is true. But if it was true, there is nothing in the record that would support... And why is it the case? Because there's too many combinations involved here? Yes. There were 30 pieces of art of record here, and that's 30 factorial combinations, potential combinations that would have to be dealt with, and it plainly can't be... But there's got to be some burden. Yes. I agree. There is, and I think the way that it works is for the petitioner to serve, essentially, like the examiner in a patent examination. So we came forward with our motion to amend it. We made our arguments for patentability based on the art that we were aware of and that were present in the petition. In the opposition, Xin Fu came forward with what its arguments were for what their main obstacles were to patentability, and then we addressed them on reply. So we think that that is the way that this procedure was intended to work, that the patent owner could meet its burden of proving patentability through both its motion to amend and its reply papers, and we believe we did that, and we believe that the Board recognizes that. I think I'm remembering correctly, but correct me if I'm wrong. Mr. Poplin said, sort of, it's not just that the Board didn't specifically discuss the Conrad-Curran combination in deciding to enter the substitute claims. The Board also never really addressed any other representative combination that says, start with a lift, start with a hook, combine them. It did something quite different, which is start with Comorita, is that it? Yes. And took what Mr. Poplin referred to as a subtractive approach. Take away the cradle, replace it with something else, and so it never really faced the substance of the Curran-Conrad combination, put aside the specifics of those two documents. Right, and I think that that argument is based on approaching the amended claims and the patent in this case as if they are apparatus claims and they're not. They're method claims. And so the problem that this patent was addressing in the first place was a way to reduce injury for maintenance workers for not having to bend over when they're taking tires off of cars and doing the maintenance on the cars. The Comorita reference and the Heidel reference, the ones that they are saying instruct combining Conrad and Curran, are actually farther along than that. They are, in those references, the maintenance worker never carries the tire. You know, the tire goes into the basket on the Comorita reference. In Heidel, the first thing that happens is that the hook grabs the tire and then it comes off. So the person carrying the tire, the person never carries the weight of the tire. There's no reason why you would go backwards. There's no motivation. There is no reason why with these amended method claims, why a person of skill in the art would look to go backwards and essentially have an invention where the maintenance worker does hold on to the tire before he puts it on to the hook. In some ways, it's the exact opposite of progress. So it doesn't teach that you would go backwards in time and make a list that is, you know… Unless you thought it was progress to have less is more. This reduces to unbelievable simplicity, something that is more complicated in either of the two other references you mentioned. Right, right. That could be progress. Yeah, but it's progress. I agree it's progress, but that goes to the argument that the board found that a simple invention still can be patentable. It still can be non-obvious because the fact that it was not out there before is at least partly evidence of that. If it was so simple, so obvious, then why didn't it exist and it didn't? And in this case, the prior art that did exist was beyond it. And in some ways, what this shows is that maintenance workers who actually have to do this work have decided that even though they do have to carry the load of the tire somewhat, it's simpler to operate, simpler to work with than the more complicated Heidel and Camarita references. And the board did deal with that. The board understood that there's nothing in Camarita or Heidel or any of these combinations that teach the specific steps of the amended claim in order. I mean, that's the main difference for the amended claims in the first place is that they made the human carrying the tire one part of the essential elements and two, the specific order because that was one of the items or one of the issues that Xin Fu attacked when they were... What is the role of the word human here as distinguished from... As distinguished from Heidel. In Heidel... No, no, no. Human as distinguished from... From, I guess, an object, some non-human element that would carry the tire. So in Heidel... So before you made this amendment, I mean, human is part of the amendment. Those are the amendments. The amendments deal with suddenly inserting... That's right. ...using the human. So in the absence of the amendments, there was no human doing this? I thought the spec talked about workers, et cetera. Well, it is in the spec because we can't add any matter... Yeah, but before that, so before you did the amendments, who was doing the carrying, the retaining... It was not expressly referenced in the claim, but yes, a person would have to do that. That's right. So there's nothing new or different about the addition of a human doing this stuff? Well, there's nothing new because there can't be new matter, but that term was added in part to distinguish it from Heidel because that's what we're... Because Heidel has this arm that goes right up there. Heidel has the arm that comes in and you attach the hook with a strap beforehand and then you take it off. So it is the machine that is carrying the tire. And for us, the importance in the method is that it's the human that carries the tire and hangs it. That's the important difference. And also, the original claims, there was no emphasis on the importance of the specific order of the steps, but then in the amended claim, amended claim 6 particularly, it calls out the importance of doing them in this order and there's nothing in Commerida or Heidel or any of the references or combinations which would suggest doing the steps in this order. In fact, Heidel is the opposite. Heidel teaches the opposite direction. Okay. You've exhausted your time. Thank you. Thank you. Mr. Kelly? May it please the Court. Good morning, Your Honor. When SHNFU responded to the motion to amend, they made a decision. They could have presented a rejection in the rigorous way that we're all familiar with, in the way they had when they filed their petition. They could have said claim 6 would have been obvious in view of reference A plus reference B plus reference C, pointed us to parts of those references, explained why it was obvious. But they didn't do that. They strategically did something else. They put all the teachings in a bucket and then they dumped the bucket on the table. And they said, there it is. It's all in there. And the theme worked for them to an extent. They did establish that the prior art is replete with these teachings, that it is saturated with lifts, with hangers, and with some references that teach why you want to put a wheel up at a workstation without having the worker bend over. They established it. Are you saying that the movement then has an obligation to specifically make specific or particular type of arguments with respect to the motivation to combine? And the reason I ask, Counselor, is because in this case, as simple as it says, it does seem to be a multitude of combinations. And I assume, Judge Reynard, when you say movement there, you're referring to Shinfu. Yes. Opposed the motion to amend. So the reason that Shinfu was able to present their opposition in the way they did somewhat safely, I think, looking ex-ante, is that they had no burden on them. They could be disrupted. They could come in, and they did not have to lay out a rejection in any specific way because the burden is not on them to establish patentability under the Board's current rules for motions to amend. The burden is on the movement, the person trying to make the motion. So they could come in and say, look, this stuff is everywhere, and they could talk about Kern and in the next breath talk about Comarita, or talk about Kern and in the next breath talk about the lift of the 897 patent. They could hammer home their theme that these elements were all over the prior art, and they did that. And there is no dispute in this case about that. In fact, in their blue brief, they actually acknowledge that the Board got to the accurate point in this case, which is not whether or not specific references have specific teachings, but whether there's a motivation to combine them all. But having presented their argument that way, there is one thing that's off the table for them. They can't come into this court now and accuse the Board of a procedural misstep by not talking about a very specific combination that they never developed in their own briefs to the Board. Now, they could come in and say, the Board made a mistake here. This invention is obvious, and let me show you why it's obvious, and this is all the stuff that was in front of the Board, and tire hanger didn't bear their burden because it's a very simple invention. But even so, let's say they don't develop that specific combination, and the Board later relies on that specific combination. What's the burden on the Board to lay out its rationale or its reasoning on that? Well, I think the law of this Court is clear on that, Your Honor, which is that the Board has to demonstrate a discernible path to the decision it made so that this Court has something to review. And we would submit the Board did just that. I'll turn first to page 13 of the record. Your Honor, this is where the Board specifically talked about Curran. The Board explained what Curran was, and that Curran does not teach anything about servicing a vehicle except to say once the vehicle is raised, necessary work is done on it. The Board went further and pointed out that neither Shinfu nor— I'm sorry, what appendix page do you have? I'm sorry. I couldn't find it. It's 13. It's the picture of the Comorita lift on the top of the page of the GMT truck, and the paragraph talking about Curran is labeled paragraph C at the bottom of page 13. So the Board concludes that discussion by saying neither Shinfu nor Tire Hanger points to anything in Curran about handling a wheel removed from a vehicle, which is accurate. You could look through what Shinfu posited, and you will not see any detailed analysis of Curran other than just the mention of Curran. And then if you flip forward to appendix page 22, this is where the Board addresses this concept of simply putting a hanger on a lift. And in the top half of that page, before we get to the paragraph break in the final sentence, it says thus, we are not persuaded that it would have been obvious to a skilled artisan to affix any one of the known wheel hangers of Conrad, Marion, etc. to an automotive lift in this specific manner. So there the Board is referring to the affixing of some sort of hanger to, quote, an automotive lift. And we would submit this is the Board following Shinfu's lead. Shinfu discussed Curran as a fungible alternative references with all the other lifts in the case. And the Board here is saying, we just don't think it's obvious to put a hanger on a lift. And a lift is good enough in this case because there's nothing about Curran that was more than a lift. And then I see I'm out of time, if I may continue. Finish your sentence. Okay. And then at the bottom of page 22 is where the Board goes into discussion of Comarita and Heidel and why it is that you would depart from the specific teachings of that reference in order to reach an obvious misconclusion and therefore they found it was not obvious. Can I just ask, so what would be wrong with viewing their current argument in something like these terms? Precisely because they treated Curran as one of any number of examples of lifts, they are making an argument here by doing us the favor and you all the favor of simply picking one of any number of different obviousness challenges that they could present to us, focusing it on Curran, but they could have picked any of the other lifts as well. Your Honor, I think it would be fair of them to do that. I think they could say, we talked about all the lifts interchangeably, let me show you how Curran connected to something else renders this invention obvious. They could do that. But what they can't do is say, and by the way, the Board created a procedural problem in this case by not talking about that specific example. These references are all in the case. The burden was not on Xin Fu to establish unpatentability. So if they want to posit a hypothetical example of where you can put a lift and a hanger together and why, and why that would have been obvious and why the Board erred in concluding it wasn't obvious, I think that that would be an argument that they could make. But I don't think what they can do is say, the Board procedurally erred as a matter of doing its job by not talking about that specific combination when it had not fully developed an argument about that combination. I don't know if that answered your question. Thank you. Thank you. Xin Fu spent four pages of its opposition briefing discussing, quote, a system that couples Conrad's tire hanger to the Curran lift in a manner taught by Comarita and then went limitation by limitation through Claim 6 with that combination. That's in Appendix 183 to 186. Xin Fu then summarized its argument by saying, Patent owner is not curious burden of proving that Proposed Claim 6 is patentable over the known prior art and then it specifically referenced, quote, the combination of references discussed above that includes Conrad. That combination discussed above that includes Conrad is the four pages of discussion directed to combining Curran and Conrad based on Comarita. I don't remember. Tell me, you haven't pointed to anything specific in Curran that doesn't appear in the other lift art. The difference here is really what we discussed earlier with additive versus subtractive. The board found that one would not modify the Comarita lift by taking things away.  Sufficient to address the substance of the point which you now locate in Curran but could as easily have located and did as easily locate in some of the other lift art. This is a new argument, Your Honor, because earlier both Tire Hanger and the government admitted that the board had not reviewed this argument. I find this at the red brief at 39 and the green brief at 30 to 33. The passage that was just recited to me does not clearly state that we take an unadorned lift, especially in view of the board's statement that absent a reason to modify Comarita or Heidel, they're not going to find obviousness. I don't believe that was sufficient. I'd also like to address the differences between apparatus and method claims. In the oral argument at the Patent Office, Tire Hanger said, you have a finger or arm or whatever you want to call it, and you take it from the wall and you put it on a hoist. That's basically the invention. That's Appendix 263 at Lines 1 to 4. Tire Hanger also said, it's a finger that's mounted to a hoist, and the question that needs to be resolved here is, is that obvious? Appendix 274 at Lines 16 to 17. Although when we did our analysis, that four pages of analysis, we did look at the method steps. We looked at how this would be used. Once you took the lift of Conrad and combined it with an unadorned lift, such as Curran, in light of the teachings of Comarita. That was simply not addressed. With that, thank you. We thank both sides in the case to submit.